# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DONTA TAYLOR, a minor by his mother and guardian Juanita Taylor, | ) ) ) | |
| Plaintiff, | ) ) | No. 06 CV 5418 |
| v. | ) ) | Judge Blanche M. Manning |
| CITY OF CHICAGO, JEFFREY CHEVALIER, and DANIEL GOOSHERST, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Danto Taylor raced his friend on their bicycles on a summer day in July 2006. One of the houses they passed belonged to Federico Rivera, who was crouching down in his front yard doing yard work. While Rivera was crouched over, a boy hit him in the face and then ran away. A short time later, defendant police officers Jeffrey Chevalier and Daniel Goosherst arrived at the scene after receiving a report of a battery in progress. The officers arrested Taylor and one other person at the scene (not Taylor's friend) for battering Rivera.

Taylor maintained his innocence and was eventually released after agreeing to participate in a counseling program for juvenile offenders. He has sued the officers and the City of Chicago under 42 U.S.C. § 1983 for violating his constitutional rights by falsely arresting him (Count I) and using excessive force (Count II). He has also sued them for a state law claim of battery (Count III). The defendants move for partial summary judgment on Taylor's false arrest claim (Count I) contending that they had probable cause to arrest Taylor. For the reasons stated below, the motion for partial summary judgment is denied.

## BACKGROUND

Other than the facts already recited, the parties agree little on the events that led the defendants to arrest Taylor. The court will review the facts advanced by the defendants first, and then review the facts advanced by Taylor.

According to the defendants, they were patrolling South Commercial Avenue when they received a call from dispatch about a nearby battery in progress. In their motion, the defendants contend that they were responding to a 911 call about African-American males beating up a Hispanic male. However, the defendants have pointed to no evidence that they knew about the 911 call or any identifying information about the victim or the perpetrators.

Upon arriving at the scene, the defendants contend that they saw Taylor and another male, Akeem Overton, hitting Rivera in the face. In their motion, they also contend that Rivera snapped at the officers and then pointed to Taylor and Overton. However, the portions of the deposition transcript they identify to support that Rivera pointed at Taylor are not attached to their motion, and the pages that are attached make no mention of Rivera pointing at Taylor.

Next, Goosherst grabbed Taylor by the waist and pulled him away from Rivera. The officers handcuffed Taylor and Overton and then questioned Rivera. In their brief, the defendants contend that Rivera asked them to take Taylor and Overton away because they were swinging at him. But according to the deposition transcript they cite in support of their factual assertion, Rivera stated "[t]ake them away because they don't respect anything." It is not clear from Rivera's deposition whether he made that statement to the defendant officers or to someone else. The officers then arrested Taylor for battery and transported him to the Fourth District police station, where he met with a youth investigator. The youth investigator obtained the

consent of Taylor and his mother to participate in a counseling program as an alterative to prosecution.

Taylor tells a markedly different story. He contends that he was merely riding his bicycle with his friend when he happened upon Rivera arguing with Overton and Overton's brother. According to Taylor, as soon as he noticed the argument, the defendant officers approached him, told him to get off his bicycle, grabbed him by the shoulders, hit him in the head, and then arrested him. He watched as Overton's brother fled the scene. Taylor denies approaching, hitting, or attempting to hit Rivera.

## ANALYSIS

I.  **Summary Judgment Standard**

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A court may grant a motion for summary judgment only when the record shows that a reasonable jury could not find for the nonmoving party. *See Valenti v. Qualex, Inc.*, 970 F.2d 363, 365 (7th Cir. 1992), *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, the nonmoving party may withstand summary judgment only by showing that a dispute over a "genuine" material fact exists; that is, the evidence is such that a reasonable jury could render a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

**II.     False Arrest (Count I)**

Taylor alleges that defendants Chevalier and Goosherst violated his rights under the Fourth Amendment by arresting him without probable cause. The Fourth Amendment requires that any search or seizure be made upon probable cause. U.S. CONST. amend. IV. Police officers have probable cause to arrest when facts and circumstances known to them would warrant a prudent person's belief that a suspect had committed an offense. *See Penn v. Harris*, 296 F.3d 573, 576 (7th Cir. 2002).

The defendants argue that they are entitled to summary judgment because the undisputed evidence establishes that defendants Chevalier and Goosherst had probable cause to arrest Taylor. Specifically, they identify the following undisputed facts known to them when they arrested Taylor:

- A caller to 911 reported that young black males were beating up a Hispanic male at 85th and Commercial;

- Chevalier and Goosherst responded to the call and witnessed Taylor and Overton beating up Rivera;

- Upon seeing the officers, Rivera snapped at them and pointed to Taylor and Overton; and

- After the defendants handcuffed Taylor and Overton, Rivera told them to take Taylor and Overton away because they had been swinging at him.

The defendants contend that, based upon the facts just recited, they had probable cause to arrest Taylor, an absolute defense to his claim of false arrest. *See Williams v. Rodriguez*, 509 F.3d 392, 398 (7th Cir. 2007) (probable cause is an absolute defense to a claim of false arrest).

However, the facts that the defendants rely upon to establish probable cause are either disputed or unsupported by the record. For instance, although there is police record of a 911 call

reporting that African-American males were throwing objects at and threatening a Hispanic male, there is no evidence that dispatch relayed any of that information to the officers. The defendants have cited no deposition testimony or any other evidence showing that the officers were aware of the call or any other report that black males were attacking a Hispanic male. In fact, Chevalier testified that he could not recall whether the dispatcher told him about the 911 call:

> Q: Did the dispatcher, if that's the correct term, advise you if this was a 911 call?
>
> A: I don't recall.

Docket #78, Ex. H at 9.

Consequently, there is no support in the record for the defendants' assertion that Chevalier and Goosherst knew about the 911 call. Because the defendants have identified no evidence that the officers knew about the call or the report that African-American males were beating up a Hispanic male, their argument that the call provided the officers with probable cause to arrest Taylor is unavailing. *See Washington v. Haupert*, 481 F.3d 543, 547 (7th Cir. 2007) (probable cause is assessed based upon information known to the officer at the time of the arrest).

Next, the defendants assert that Chevalier and Goosherst saw Taylor beat Rivera, but what they saw is a disputed fact that precludes summary judgment. During his deposition, Taylor denied hitting Rivera or even approaching him. If jurors credit Taylor's testimony over the officers, then the officers could not have seen Taylor hit Rivera. Because the parties have presented competing versions of events each of which are supported by admissible evidence, the events that actually occurred must be determined by a jury at trial, not the court on summary judgment.

As for the defendants' assertion that Rivera snapped at the officers and pointed out Taylor and Overton, it is unsupported by the portions of the record that the defendants cited. As noted above, the portions of the deposition transcript that the defendants cited are not attached to their motion, and the pages that are attached make no mention of Rivera pointing at Taylor.

Finally, the defendants have failed to establish probable cause with their assertion that Rivera told them to take Taylor and Overton away because they were swinging at him. First, the assertion is unsupported by the record. As noted above, the defendants supported their assertion by citing Rivera's deposition, but according to the cited testimony, Rivera never told the officers that Taylor and Overton were swinging at him. Rather, his statement was "[t]ake them away because they don't respect anything."

Second, even the statement "[t]ake them away because they don't respect anything" would not, by itself, provide the officers with probable cause. The statement does not implicate Taylor in any conduct that would have justified arresting him—failing to respect others is not a crime. The context in which Rivera made the statement might bolster the argument that the statement provided probable cause to arrest Taylor but, as discussed above, the material facts are largely disputed. In the absence of an agreement about the material events surrounding Rivera's statement, the defendants' reliance on the statement alone does not establish probable cause.

### III. Qualified Immunity

Alternatively, the defendants argue that Chevalier and Goosherst are entitled to qualified immunity on Taylor's false arrest claim. However, qualified immunity does not shield officers from claims that they fabricated the evidence upon which they made their probable cause determination. *See Washington*, 481 F.3d at 551 ("According to the plaintiffs, the police officers

fabricated a police report in order to justify their arrests. A reasonable officer would have understood that what he was doing violated their right to be free from unreasonable seizure.").

## CONCLUSION

Although the defendants have identified facts they contend provided them probable cause to arrest Taylor, the facts are either unsupported by their citations to the record or are disputed by Taylor. Accordingly, the defendants have not established that they had probable cause to arrest Taylor. Furthermore, defendants Chevalier and Goosherst are not entitled to qualified immunity.

Therefore, the defendants are not entitled to summary judgment on Taylor's false arrest claim (Count I), and their motion for partial summary judgment [69-1] is denied. The parties shall report for status on March 25, 2008, at 11:00 a.m. for status, at which time the court will schedule this case for trial.

ENTER:

DATE: March 18, 2008

*Blanche M. Manning*
Blanche M. Manning
United States District Judge